IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARDELL GILES, | : |
|         Plaintiff, | : |
| v. | : Civil Action No. 22-89-RGA |
| OFFICER MATTHEW A. MOORE, et al., | : |
|         Defendants. | : |

Wardell Giles, Sussex Correctional Institution, Georgetown, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 6, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Wardell Giles, an inmate at Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and proceeds *in forma pauperis*. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges retaliation by Defendant Probation and Parole when it declared Plaintiff a sex offender publicly and in written documents, knowing that he was not and knowing it defamed and slandered Plaintiff and placed his life in danger. (D.I. 1 at 5-6). Plaintiff alleges that Probation admitted its mistake and indicated it would correct it once Plaintiff's attorney filed a motion that Plaintiff was not a sex offender. (*Id.* at 6). As of December 17, 2021, Plaintiff was still treated as a sex offender in society, open court, and in written records. (*Id.*).

Plaintiff alleges that once he exposed the illegal actions of Probation and Defendant Officer Matthew Moore, Officer Moore and Probation retaliated against him and threatened him. (*Id.*). The Complaint does not described the alleged retaliatory actions.

Plaintiff seeks compensatory and punitive damages, declaratory relief, and a public apology. (*Id.* at 8).

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C.

§§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Defendant Moore**. The Complaint contains one sentence that refers to Moore, as follows: "Once I exposed . . . Moore's illegal actions in court and in public [he]

3

retaliated against me and threatened me among other things that I will enlighten the Court of when I become more knowledgeable to do so." (D.I. 1 at 6).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). The allegations of retaliation are conclusory. As alleged, I cannot discern if Moore had personal involvement in the alleged retaliation. Plaintiff does not explain what Moore actually did to retaliate against Plaintiff. There are simply no facts supporting the claim against Moore. Therefore, Moore will be dismissed as a defendant. Plaintiff will be given leave to amend the claim.

**Probation and Parole**. Plaintiff's claims against Probation and Parole are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Office of Probation and Parole falls under the umbrella of the Delaware Department of Correction, a state agency. *See Boone v. Probation & Parole of New Castle Cty.*, 2019 WL 1792300, at * 3 (D. Del. Apr. 24, 2019).

The Eleventh Amendment of the United States Constitution protects a nonconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. §

1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because Probation and Parole is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Therefore, the Court will dismiss the claims against Probation and Parole as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint for failure to state a claim upon which relief may be granted and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2). Plaintiff will be given leave to amend the claim against Moore.

An appropriate Order will be entered.